■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL O'DONNELL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals his conviction of burglary in the third degree arising out of an entry into a vacant house with the intent to steal building materials. When the police arrived at the scene, defendant's friend told them that she did not know who was inside the building. Later, when the police caught defendant as he was climbing down the side of the building, she told the police that she had seen some children playing inside the building and asked defendant to chase them away. Contrary to defendant's contention, it was proper for the prosecutor, upon cross-examination, to ask this witness why she had not told the police when they first arrived that defendant was inside the building. "[T]he failure to speak up at a time when it would be natural to do so might well cast doubt upon the veracity of the witness' exculpatory statements at trial. In effect, in these situations, the witness' previous silence is a form of conduct that may be analogized to a 'prior inconsistent statement' by the witness" *(People v Dawson,* 50 NY2d 311, 318). Here, we have more than the previous silence; we have a prior inconsistent statement which casts doubt upon the witness' testimony

at trial. (Appeal from judgment of Supreme Court, Monroe County, Finnerty, J.—burglary, third degree.) Present—Callahan, J. P., Doerr, Denman, Boomer and Pine, JJ.